UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:09CV-283-S

WILLIAM K. HOPKINS
1341 Eastern Parkway
Louisville, KY 40204                                                                                                   PLAINTIFF

vs.                                                **COMPLAINT**

ATTORNEY COLLECTION SERVICES, INC.
944 Indian Peak Rd. #200
Rolling Hills Estates, CA 90274

      SERVE:    CT Corporation System
                     Registered Agent
                     818 West Seventh Street
                     Los Angeles, CA 90017                                                    DEFENDANT

\* \* \* \* \*

Comes the plaintiff, William K. Hopkins, by counsel, and for his Complaint against Attorney Collection Services, Inc. ("***ACS***") states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff against ACS for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. §1692 et seq., (known as the "Fair Debt

1

Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt.

## PARTIES

2. Plaintiff restates and reiterates herein all previous paragraphs.

3. Plaintiff is an individual domiciled in Louisville, Jefferson County, Kentucky.

4. At all pertinent times, ACS was and remains a foreign corporation which conducts business in Jefferson County, Kentucky and is engaged in the business of collecting consumer debt. ACS is a "debt collector" as said term is defined in the FDCPA. .

## JURISDICTION AND VENUE

5. Plaintiff restates and reiterates herein all previous paragraphs.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d). Venue in this District is proper because the Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

## FACTUAL ALLEGATIONS

7. Plaintiff restates and reiterates herein all previous paragraphs.

8. At some point prior to August 19, 2003, ACS commenced efforts to collect a debt on behalf of one its customers, Emil Iannaccone ("*Iannaccone*") from Plaintiff and in fact, ACS ultimately turned said matter over to an attorney licensed to practice in the state of California who filed suit against Plaintiff in the Los Angeles County, California, Superior Court.

9. On August 19, 2003, the California Superior Court granted Iannaccone a judgment against Plaintiff in the amount of $22,500.00 plus interest in the amount of $12,569.17 plus $163.00

in costs. (The "*California Judgment*", the debt Iannaccone claimed he was owed by Plaintiff hereinafter referred to as the "*Debt*")

10.  On or about August 6, 2006, a Kentucky attorney filed proceedings in the Jefferson County, Kentucky Circuit Court to domesticate the California Judgement in Kentucky, claiming Iannaccone was owed in excess of $35,000.00 by Plaintiff, and in fact in subsequent communications, the attorney indicated the amount due was in excess of $40,000.00.

11.  On or about August 10, 2006, the Kentucky attorney obtained a judgment from the Jefferson Circuit Court against Plaintiff in the principal amount of $35,232.17. (The "*Jefferson Circuit Court Judgment*") On information and belief, the attorney was acting as a collection agent for and on behalf of ACS as well as Iannaccone.

12.  In connection with the Jefferson Circuit Court Judgment, on January 26, 2007, the Kentucky attorney filed a judgment lien against Plaintiff in the Jefferson County, Kentucky Clerk's office at Lien Book 923, Page 605. (The "*Lien*")

13.  Prior to November of 2007, Plaintiff, by and through counsel, and Iannaccone, by and through the Kentucky attorney, reached a nominal settlement of the sums purportedly due under the California Judgment which had been domesticated in the form of the Jefferson Circuit Court Judgment for the sum of $6,000.00, which sum was paid in full on or about November 1, 2007.

14.  Notwithstanding the fact that the matter was resolved and the settlement payment paid in full in November of 2007, the following events occurred:

   a.  As late as April 18, 2008, ACS continued to report to one or more consumer reporting agencies, including but not limited to Trans Union, LLC ("*TU*"), that Plaintiff owed it and/or Iannaconne a debt in excess of $42,000.00, and in fact, according to TU, ACS re-reported the Debt

3

to TU in March of 2008 and showed the Debt as of said re-reporting as being in excess of $42,000.00 when in fact at said time, the Debt had been paid and/or satisfied and/or canceled and should have shown as having a zero balance due and owing;

    b.    As late as April 18, 2008, ACS failed to take steps to prevent one or more consumer reporting agencies, including but not necessarily limited to Trans Union, LLC, from continuing to report on Plaintiff's consumer report that the California Judgment was a valid and existing unpaid judgment in the public record of said jurisdiction and on information and belief, the California Judgment continues in the public record of said state to appear as a valid and existing unpaid judgment.

## COUNT I-VIOLATION OF THE FDCPA

15.    Plaintiff reiterates and incorporates all prior paragraphs.

16.    The Defendant's actions as above described constituted numerous violations of the FDCPA, including but not limited to the following:

    a.    The making of false, deceptive, or misleading representations regarding the debt. 15 USC §1692e(2)(A); 15 USC §1692e(10).

    b.    Failing to cease collection efforts after promising to do so, an "unfair" and/or unconscionable method of collecting and/or attempting to collect debt from Plaintiff.

    c.    Making false representations and/or implications that Plaintiff's conduct was wrongful and/or unlawful and was intended to embarrass or disgrace Plaintiff. 15 USC §1692e(7).

    d.    By continuing to report the debt to one or more consumer reporting agencies knowing that said information was no longer accurate and failing to advise said credit reporting agencies that in fact the debt had been disputed by Plaintiff and in fact was ultimately resolved, a violation of 15 USC §1692e(8).

17. The Defendants' unlawful actions as described above caused Plaintiff to sustain actual damages.

18. With respect to the additional damages that may be awarded pursuant to 15 USC 1692k(a)(2)(A), the Defendants' actions and failure to comply with the FDCPA were intentional, frequent, widespread and affect a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

### COUNT II- DEFAMATION

19. Plaintiff restates and reiterates herein all previous paragraphs.

20. ACS' conduct as described herein constituted the utterance, written transmission and/or publication of facts that were false and/or portrayed Plaintiff in a false light and/or were defamatory per se.

21. ACS' unlawful actions as described above caused Plaintiff to sustain actual damages.

**WHEREFORE**, plaintiff, William K. Hopkins, by counsel, demands relief against the Defendants as follows:

A. Entry of a Judgment against the Defendant to compensate Plaintiff for his damages, as well as for all maximum statutory damages recoverable under the FCCPA and for punitive damages under Count II.

B. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

C. Trial by jury on all issues so triable.

D. Entry of an order temporarily and permanently enjoining ACS from future similar violations of the FDCPA and directing it to notify all credit reporting agencies to whom it reports regarding the resolution of the Debt.

E. As permitted under the FDCPA, an award of attorneys' fees and costs herein incurred.

F. Any and all other relief to which she may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

BOROWITZ & GOLDSMITH, PLC


By:_____
DAVID B. MOUR
401 West Main, Suite 1100
Louisville, Kentucky 40202
(502) 584-7371
*Counsel for Plaintiff*